UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                     Case Number 17-20018
v.                                                     Honorable David M. Lawson

MICHAEL GOODWIN,

       Defendant.

_____/

## ORDER GRANTING LEAVE FOR SEALED FILING AND DENYING MOTION FOR RECONSIDERATION

On November 19, 2020, the defendant filed a renewed motion for compassionate release. The Court denied that motion because it did not indicate that counsel for the defendant had sought concurrence in the relief requested, there was no representation that the "renewed" request for compassionate release had been properly administratively exhausted, and the motion appeared largely to comprise an untimely request for reconsideration of the Court's prior ruling denying a request for release on the same grounds. On December 8, 2020, the defendant filed yet another motion, which he has captioned as an "emergency second renewed motion for compassionate release." He also contemporaneously filed a stipulation to permit the filing of his medical records under seal. The request for the sealed filing will be granted. The renewed motion, the gravamen of which is merely another untimely request for reconsideration, will be denied.

In his "emergency second renewed motion," the defendant asserts that the Court erroneously imposed a requirement of "issue exhaustion" on his "renewed" request for release, because the renewed motion "does not assert new grounds for release," and the defendant instead "relies on the same underlying conditions and demographic characteristics as he did when he first sought release from this Court." The defendant points out that in a recent decision this Court

rejected the government's position that a prisoner moving for compassionate release was procedurally barred from seeking judicial review because the movant had not recited certain specific (or recently altered) circumstances in his administrative petition. *See United States v. Williams*, No. 15-20462, 2020 WL 4040706, at *2 (E.D. Mich. July 17, 2020) ("[T]he statutory ground for the request has not changed from when it first was submitted; the defendant seeks now, as he did at the administrative level, release based on 'extraordinary and compelling circumstances,' under the authority of 18 U.S.C. § 3582(c)(1)(A)(i). He described several circumstances in his administrative petition that he felt were extraordinary and compelling. He now advances others, which have arisen since the request first was tendered. But the underlying authority and ground for the relief sought has not changed, and it would be inappropriate under the circumstances to impose any further exhaustion requirement, which in any event is not mandated in any plain terms of the statute.").

The holding in *Williams* readily is distinguishable, because there the question was whether the prisoner had made sufficient efforts to secure release through administrative channels *before* proceeding to seek judicial review. The question presented by the instant motion is what procedure a prisoner must follow *after* he has been denied relief by prison authorities *and* the Court, if he then wants to mount a renewed campaign for release based on "new information" about his medical condition. In the circumstances of a global pandemic, where the imminent threat to an inmate's health may escalate day by day as fresh outbreaks take hold in a prison, or the prisoner's medical condition materially worsens, there are sound reasons to forego overly formalistic rejections of *initial* motions seeking judicial review, at least where the prisoner has made a diligent effort to seek release from prison authorities and his plea has been denied or ignored. The same concerns are not present where the inmate already has sought and received full consideration of his request

by the Court, the grounds presented fully were considered, and the Court simply was not persuaded that discretionary relief was justified.  Once that has occurred, the prisoner has two options for seeking further review: (1) filing of a timely motion for reconsideration, or (2) taking a direct appeal.  Here, the movant has done neither.

What a prisoner categorically may not do is simply file and re-file and re-file again the same request for relief on the same factual and legal bases, without regard to the procedural requirements for seeking further attention from the Court.  Nor may the prisoner commence a fresh effort to secure release and skip steps by trying to go directly to court without first adequately pursuing a newly grounded request for relief through the administrative process.  If the motion merely reasserts the "same grounds" for release that previously fully were considered and passed upon by the Court, then the present motion merely is a request for the Court to reconsider its ruling denying the defendant's prior motion for compassionate release, traversing the same legal and factual ground.  But the instant motion was filed well beyond the 14-day deadline for seeking reconsideration of that prior ruling.  E.D. Mich. LR 7.1(h)(1).  If, having previously sought and obtained fulsome judicial consideration of a properly exhausted request for release, the defendant now wants to advance a new request based on "new information" that never previously has been presented either to prison authorities or to the Court, then the law is clear about what the movant must do: as in every other instance, he must exhaust available administrative remedies before seeking judicial review.  *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).

Accordingly, pursuant to the stipulation of the parties, it is **ORDERED** that the defendant is permitted to file **UNDER SEAL** Exhibits 1, 5-8, 12, 23-24, and  30 of his second renewed motion for compassionate release.

It is further **ORDERED** that the defendant's emergency second renewed motion for compassionate release (ECF No. 66) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 10, 2020